UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>2305 RUCKER AVENUE, APT 5, EVERETT, WA<br><br>Defendant. | Case No. MJ11-00055-JPD<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. On February 7, 2011, the government applied for a warrant to search the residence of Edward Cunnius, to seize any computers or digital devices that may be located at the premises, and to search all electronically stored information ("ESI") contained in any digital devices seized from Mr. Cunnius' residence for evidence relating to the crimes of copyright infringement or trafficking in counterfeit goods. Specifically, in addition to the search of the residence and the seizure of digital devices, the application requested authority for investigative officers to: (1) search all ESI contained in Mr. Cunnius' digital devices and related to the use of the devices; (2) conduct the search without segregation by a filter team; (3) conduct the search without foreswearing the plain view doctrine; and (4) permit investigative agents to obtain a second warrant if, during the search of the ESI, the investigating and searching agents find evidence of crime outside the scope of the warrant. *See* Dkt. 1. The Court denied the warrant, as presented, by Memorandum Order dated February 11, 2011. *See* Dkt. 2. Although the government filed a Notice of Request for

Review of Previously Denied Search Warrant with the District Court on March 2, 2011, the government subsequently withdrew its request for review later that day. *See* Dkts. 3, 4.

On March 4, 2011, the Court granted a separate warrant to search Mr. Cunnius' residence and seize any digital devices located at the premises as instrumentalities of criminal activity. *See USA v. residence at 2305 Rucker Ave*, MJ11-83-JPD (W.D. Wash. 2011). The warrant provided that the government would not search the seized digital devices, however, unless specifically authorized by a future search warrant. This search warrant was executed by the government at 9:00 a.m. on March 8, 2011.

The Court's February 11, 2011 Memorandum Order provides that it shall remain under seal until "the earlier of when any warrant relating to this matter is executed, or when a decision is made not to proceed with the prosecution of the matter, or otherwise by written order." Dkt. 2 at 25. Accordingly, the government is ORDERED to SHOW CAUSE **no later than Monday, March 21, 2011**, why the Court's Memorandum Order and file MJ11-00055-JPD should not be unsealed. The Clerk is directed to provide a copy of this Order to AUSA Norman Barbosa.

DATED this 17th day of March, 2011.

JAMES P. DONOHUE
United States Magistrate Judge